UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY CONNERS,

       Plaintiff,

v.                                    CASE No. 8:07-CV-1300-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[*] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, his decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-four years old at the time of the administrative hearing and who has completed high school (Tr. 40, 122, 350), was primarily self-employed in lawn service (Tr. 117). She filed a claim for

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

Social Security disability benefits, alleging that she became disabled due to a motor vehicle accident resulting in hip fractures, a closed head injury, and a lacerated spleen (Tr. 116). She was found disabled as of November 26, 2000. However, on October 31, 2003, it was determined that, as of October 1, 2003, the plaintiff was no longer disabled. This determination was upheld initially and after review by a disability hearing officer.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that, as of October 1, 2003, the plaintiff had impairments of "history of motor vehicle accident (November 2000) with residual traumatic brain injury, cranial nerve III palsy, diplopia, left acetabaular fracture, and inferior pubic ramus fracture (resolved); chronic lumbar strain; and, mild depression/adjustment disorder with depressed mood/mood disorder" (Tr. 15). He concluded that these impairments reflected a medical improvement in the plaintiff's condition, and that the improvement related to her ability to work (<u>id</u>.). Proceeding to an assessment of the plaintiff's residual functional capacity, the law judge ruled that the plaintiff could perform a range of light work (Tr. 16). Specifically, he determined that the plaintiff has the ability to stand or walk for two hours in an eight-hour workday and to sit for six hours in an eight-hour workday

(id.). He further limited the plaintiff to lifting and carrying twenty pounds occasionally and ten pounds frequently, and directed her to avoid concentrated exposure to extreme heat or cold, as well as hazards, such as machinery and heights (id.). The law judge also determined that the plaintiff can only occasionally climb, balance, stoop, kneel, crouch, and crawl (id.). He concluded that these limitations prevented the plaintiff from returning to past work (Tr. 18). However, based upon the plaintiff's residual functional capacity, her age and her education, the law judge concluded that the medical-vocational guidelines indicated that there were jobs in significant numbers in the national economy that the plaintiff could perform (Tr. 18-19). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 19). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental

impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge considered the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines"

or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's decision on three grounds. One of the plaintiff's arguments has merit and warrants reversal of the law judge's decision.

The plaintiff contends that the law judge erred when he relied upon the medical-vocational guidelines to determine the existence of work in the national economy that the plaintiff could perform, instead of employing a vocational expert for such a determination (Doc. 10, pp. 15-17). In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

The law judge found that the plaintiff was limited to two hours of standing and walking in an eight-hour workday (Tr. 16). The plaintiff therefore could not perform a full range of light work, so that, under Francis v. Heckler, the grids could not be used to determine that there were jobs in significant numbers in the national economy that the plaintiff could perform at the light exertional level. Seemingly, the grids could nevertheless be used to determine the availability of jobs at the sedentary exertional level.

However, the law judge also found that the plaintiff has occasional postural limitations in climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 16). Postural limitations are considered nonexertional limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2, §200.00(e).

The law judge also found that the plaintiff "must avoid concentrated exposure to extreme heat and cold, as well as hazards (including machinery and heights)" (Tr. 16). Such environmental restrictions are nonexertional limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2, §200.00(e).

Eleventh Circuit decisions establish that, in light of these nonexertional limitations, the law judge could not rely upon the grids, but was

required to employ a vocational expert. In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had nonexertional limitations regarding working around unprotected heights or dangerous moving machinery. He concluded that the claimant could perform a wide range of light work and therefore it was unnecessary to call a vocational expert. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (957 F.2d at 839)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. <u>Allen</u>, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. <u>Id</u>. It was therefore error to rely upon the grids. <u>Sryock</u> v. <u>Heckler</u>, 764 F.2d 834, 836 (11th Cir. 1985).

<u>See also</u> <u>Welch</u> v. <u>Bowen</u>, 854 F.2d 436 (11th Cir. 1988).

Here, as in <u>Marbury</u> v. <u>Sullivan</u>, <u>supra</u>, the law judge concluded that the plaintiff was precluded from exposure to "hazards (including machinery and heights)" (Tr. 16). Consequently, that decision establishes that the law judge erred by relying upon the grids.

Furthermore, the law judge found that the plaintiff was restricted to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and had to avoid concentrated exposure to extreme heat and extreme cold. These additional limitations confirm that the law judge erred by employing the grids instead of a vocational expert.

It is noted that the law judge asserted that, in light of Social Security Ruling 85-15, "the occupational base is not significantly eroded" by the plaintiff's nonexertional limitations (Tr. 19). Similar statements were made in Marbury v. Sullivan, supra, and Allen v. Sullivan, supra, and they did not preclude reversal based on the failure to use a vocational expert. A different result is not called for here simply because the law judge and the Commissioner have referred to Social Security Rulings (see Tr. 19; Doc. 11, p. 15), particularly since those rulings do not have the force of law and are not binding on the courts. Miller v. Commissioner of Social Security, 2007 WL 2461771 *2 (11th Cir. 2007)(unpub. dec.).

As Marbury v. Sullivan, supra, shows, the law of the Eleventh Circuit establishes that it is not enough for the law judge to opine that nonexertional limitations do not significantly compromise the availability of jobs; rather, such a conclusion must be supported by the testimony of a vocational expert. That decision clearly requires a remand, since in that case the existence of limitations of no work around unprotected heights or dangerous moving machinery precluded the use of the grids. Here, the plaintiff has those same limitations, as well as additional nonexertional restrictions.

In view of this conclusion, it is unnecessary to resolve the plaintiff's other contentions. Nevertheless, some comment is warranted.

The plaintiff contends that the law judge's residual functional capacity finding was not supported by substantial evidence (Doc. 10, pp. 12-15). She identifies several functional limitations in the record that she argues were not addressed by the law judge, including fatigue, cognitive problems, impaired motor functions, limitations with the right arm, and stress (id.). In order to avoid potential problems in the future, the Commissioner would be well advised on remand either to explain clearly why allegations of these conditions are being discounted, or to include appropriate limitations in hypothetical questions to a vocational expert.

On the other hand, there should be no further issue on remand concerning whether the plaintiff's medical condition has improved as of October 1, 2003, and whether that improvement is related to her ability to work. The law judge made such findings and those findings have not been challenged here by the plaintiff.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 17th day of September, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE